UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

APRILL D. MITCHELL,    Civil Action No.: 18-11132
                      Honorable Avern Cohn
    Plaintiff,    Magistrate Judge Elizabeth A. Stafford

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON CROSS-
MOTIONS FOR SUMMARY JUDGMENT [ECF NOS. 12, 16]**

Plaintiff Aprill Mitchell appeals a final decision of defendant Commissioner of Social Security (Commissioner) denying her applications for disability insurance benefits (DIB) and supplemental social security income benefits (SSI) under the Social Security Act. Both parties have filed summary judgment motions, referred to this Court for a report and recommendation under 28 U.S.C. § 636(b)(1)(B). After review of the record, the Court **RECOMMENDS** that:

- Mitchell's motion [ECF No. 12] be **DENIED**;
- the Commissioner's motion [ECF No. 16] be **GRANTED**; and
- the Commissioner's decision be **AFFIRMED** under sentence four

of 42 U.S.C. § 405(g).

**I.     BACKGROUND**

 **A.     Mitchell's Background and Disability Applications**

Born March 19, 1958, Mitchell was 57 years old when she applied for disability benefits in January 2016. [ECF No. 10-5, Tr. 167-76]. She has a 12th-grade education and past work experience as an art and cooking instructor and as a custodian/lunch supervisor. [ECF No. 10-3, Tr. 82; ECF No. 10-6, Tr. 193]. Mitchell alleges a disability onset date of October 19, 2015, and that she is disabled by her right rotator cuff, arthritis in both knees and gout in her right knee and foot. [ECF No. 10-3, Tr. 85].

After the Commissioner denied both disability applications initially, Mitchell requested a hearing, which took place in August 2017, during which she and a vocational expert (VE) testified. [ECF No. 10-2, Tr. 36-79]. Mitchell was represented at the hearing by a non-attorney representative. [ECF No. 10-2, Tr. 25]. In an October 6, 2017 written decision, the ALJ found Mitchell to be not disabled. [*Id.*, Tr. 22-35]. The Appeals Council denied review, making the ALJ's decision the final decision of the Commissioner, and Mitchell timely filed for judicial review. [*Id.*, Tr. 1-7; ECF No. 1].

**B.     The ALJ's Application of the Disability Framework Analysis**

A "disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The Commissioner determines whether an applicant is disabled by analyzing five sequential steps.  First, if the applicant is "doing substantial gainful activity," he or she will be found not disabled.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).[1]  Second, if the claimant has not had a severe impairment or a combination of such impairments[2] for a continuous period of at least 12 months, no disability will be found.  *Id.*  Third, if the claimant's severe impairments meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, the claimant will be found disabled.  *Id.*  If the fourth step is reached, the Commissioner considers its assessment of the claimant's residual functional capacity and will find the claimant not disabled if he or she can still do past relevant

---

[1] Sections 1520(a)(4) and 920(a)(4), which pertain to DIB and SSI respectively, list the same five-step analysis.
[2] A severe impairment is one that "significantly limits [the claimant's] physical or mental ability to do basic work activities."  § 1520(c); § 920(c).

3

work. *Id.* At the final step, the Commissioner reviews the claimant's RFC, age, education and work experiences, and determines whether the claimant could adjust to other work. *Id.* The claimant bears the burden of proof throughout the first four steps, but the burden shifts to the Commissioner if the fifth step is reached. *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

Applying this framework, the ALJ concluded that Mitchell was not disabled. At the first step, he found that Mitchell had not engaged in substantial gainful activity since her alleged onset date. [ECF No. 10-2, Tr. 27]. At the second step, he found that Mitchell had the severe impairment of tendonitis of the right shoulder. [*Id.*] Next, the ALJ concluded that none of her impairments, either alone or in combination, met or medically equaled the severity of a listed impairment. [*Id.*, Tr. 28].

Between the third and fourth steps, the ALJ found that Mitchell had

the RFC to perform light work[3] except:

> [N]o hazards, including work at unprotected heights or around dangerous moving machinery; no climbing of any ladders, ropes, or scaffolds; no more than occasional climbing of ramps or stairs; no more than occasional balancing, stooping, kneeling, crouching; no crawling; no reaching above shoulder level; no driving in the course of employment; and no constant reaching.

[*Id.*, Tr. 28]. At step four, the ALJ found that Mitchell could perform past relevant work as a community aide worker, thus rendering a finding that she was not disabled. [*Id.*, Tr. 28-29].

## II. ANALYSIS

### A.

Under § 405(g), this Court's review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made in conformity with proper legal standards. *Gentry v. Comm'r of Soc.*

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. §§ 404.1567(b) and 416.967(b).

5

*Sec.*, 741 F.3d 708, 722 (6th Cir. 2014).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks and citation omitted).  Only the evidence in the record below may be considered when determining whether the ALJ's decision is supported by substantial evidence.  *Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007).

Mitchell raises one issue on appeal—whether the ALJ erred when he failed to resolve an alleged conflict between the vocational expert's testimony and the Dictionary of Occupational Titles (DOT) regarding her past relevant work.  [ECF No. 12, PageID.437-46].  For the following reasons, the Court recommends that the Commissioner's decision be affirmed.

**B.**

The crux of Mitchell's appeal is that the VE mischaracterized her past relevant work at the Ann Arbor Community Center as being a "community aide worker" under DOT 195.367-010.  [ECF No. 10-2, Tr. 64].  Mitchell says that there is no consistency between her duties at the Community Center and those in the identified DOT listing.  [ECF No. 12, PageID.440].

She contends that the community aide worker description does not account for the teaching and instruction aspects of her past work, or for those parts of her job that required cleaning up, cooking, and keeping daily bookkeeping and attendance reports. [*Id.*, Tr. 440-41]. Mitchell also claims that the DOT description does not capture the requirement that she occasionally carry sick or hurt children (approximately 50 to 60 pounds) to the main office for assistance. [*Id.*, Tr. 441].

Mitchell notes that prior to the hearing, the VE had characterized her past relevant work at the Community Center as "Instructor" under DOT 097.221-010, which captured the teaching aspects of her prior work. [ECF No. 12, PageID.441-42; ECF No. 10-6, PageID.282].[4] She contends that the ALJ failed to discharge his duty to inquire whether the vocational testimony conflicted with the information provided by the DOT. [*Id.*, Tr. 444]. The Court disagrees.

"[A]n ALJ has an affirmative duty to inquire as to whether a vocational expert's evidence conflicts with the information provided in the DOT, and to resolve any 'apparent conflicts.'" *Staymate v. Comm'r of Soc. Sec.*, 681 F. App'x 462, 468 (6th Cir. 2017) (citing SSR 00-4p, 2000 WL 1898704 (Dec.

---

[4] Though Mitchell seems to say that neither of these classifications exactly fits her prior work, she maintains that she is not "specifically argu[ing] … that a composite job has been proven." [ECF No. 12, PageID.443].

7

4, 2000).  An ALJ satisfies this duty by asking the VE if there is a conflict. *Id.*  At the hearing below, the ALJ assured that the VE understood the need to advise of any conflict between her opinion and information in the DOT. [ECF No. 10-2, TR. 63-64].  The VE then testified that, after listening to Mitchell's testimony, she eliminated the job of "instructor" as a tentative work classification and replaced it with "community program aide" under DOT No. 195.367-010.  [*Id.*, Tr. 64].  After this testimony, the ALJ asked Mitchell's attorney if she had any questions about Mitchell's past work before the ALJ turned to the hypotheticals; the attorney responded, "[N]o." [*Id.*, Tr. 66].

    Mitchell argues that the ALJ did not discharge his SSR 00-4p duty because he did not confirm after the VE's testimony that her testimony did not conflict with the DOT.  Mitchell quotes *Schmock v. Berryhill* as stating that it is reasonable for an ALJ to start by asking the VE to identify any inconsistencies with the DOT, but that the ALJ in that case erred by failing to "elicit any later information from the vocational expert about whether her particular testimony was consistent or inconsistent with the DOT."  No. 3:16-CV-00310, 2017 WL 4349088, at *6 (S.D. Ohio Sept. 29, 2017).

    Other courts in this circuit disagree with *Schmock*, holding that it is not error for an ALJ to inquire whether a VE's testimony would conflict with

8

the DOT *before* the VE's substantive testimony.  *See Baker v. Comm'r of Soc. Sec.*, No. 10-13748, 2012 WL 2309063, *4 (E.D. Mich. Jun. 18, 2012) ("the ALJ's opening inquiry to the VE satisfied the requirement of Ruling 00-4p in this case."); *Issac v. Comm'r of Soc. Sec.*, No. 1:16 CV 1345, 2017 WL 3705902, at *8 (N.D. Ohio Aug. 28, 2017) ("[I]t does not matter that the inquiry happened *before* rather than *after* the VE's substantive testimony.") (emphasis in original). The Seventh Circuit has also refused to read a temporal requirement into SSR 00-4p, or "to establish a singular method by which ALJs much elicit potential conflicts." *Weatherbee v. Astrue*, 649 F.3d 565, 570 (7th Cir. 2011).  The court reasoned, "The text of the Ruling only requires ALJs to inquire about conflicts 'before *relying*' on a VE's testimony, but does not specify whether this inquiry should (or must) occur before or after a VE testifies." *Id.* (emphasis in original).  This Court agrees and finds that the ALJ discharged his duty here.

Having discharged his duty, the ALJ was not obligated to independently verify that the VE's testimony was consistent with the DOT. *Lindsley v. Comm'r or Soc. Sec.*, 560 F.3d 601, 603-06 (6th Cir. 2009). The duty to investigate the accuracy of the VE's testimony "falls to the plaintiff's counsel, who had the opportunity to cross-examine the VE and bring out any conflicts with the DOT. The fact that plaintiff's counsel did not

do so is not grounds for relief." *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 169–69 (6th Cir. 2009). As noted, Mitchell's counsel was given an opportunity to cross-examine the VE about the DOT classification and declined to do so. [ECF No. 10-2, Tr. 66].

Other Sixth Circuit authority states that objections at step four to the characterization of a claimant's past relevant work or to VE testimony must be made at the hearing or at some point before the ALJ's decision in order to be later argued before the court. *See Wright-Hines v. Comm'r of Soc. Sec.*, 597 F.3d 392, 396 (6th Cir. 2010); *Stevens v. Comm'r of Soc. Sec.*, No. 2:14-CV-2186, 2016 WL 692546, at *11 (S.D. Ohio Feb. 22, 2016) (collecting cases), *adopted,* 2016 WL 1156518 (S.D. Ohio Mar. 24, 2016).

The ALJ discharged his duty under SSR 00-04p and Mitchell failed to preserve any objection to the VE's classification testimony, so remand is unwarranted.

### III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that Mitchell's motion for summary judgment [ECF No. 12] be **DENIED**; that the Commissioner's motion [ECF No. 16] be **GRANTED**; and the ALJ's decision be **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

|  |  |
|---|---|
| Dated: March 7, 2019 | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to

11

the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.